**Ehab ASSAAD, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–74512.

Agency No. A70–920–007.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 15, 2004.

Todd Becraft, Esq., Los Angeles, CA, for Petitioner.

Judith L. Wood, Esq., Law Office of Judith Wood Human Rights Project, Los Angeles, CA, Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Le-Fevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Richard M. Evans, Esq., Kristin A. Cabral, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Ehab Assaad, a native and citizen of Egypt, petitions for review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reopen deportation proceedings. Because the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review for abuse of discretion, *Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1222 (9th Cir.2002), and we deny the petition for review.

The BIA did not abuse its discretion by denying Assaad's untimely motion to reopen because the evidence supporting the motion did not establish prima facie eligibility for asylum or withholding of deportation based upon changed country conditions. *See* 8 C.F.R. §§ 1003.2(c)(1) & (c)(3)(ii); *INS v. Abudu*, 485 U.S. 94, 104, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (the BIA may deny a motion to reopen if "the movant has not established a prima facie case for the underlying substantive relief sought"). Assaad's contention that conditions in Egypt for Coptic Christians have worsened is contradicted by the State Department report from 2002 submitted with his motion to reopen. Assaad therefore failed to establish a well-founded fear of persecution on account of his religion. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir.2003) (to establish prima facie eligibility for asylum, alien must adduce "credible, direct, and specific evidence ... that would support a reasonable fear of persecution") (internal quotation omitted); *Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000) (holding that alien who failed to establish eligibility for asylum necessarily failed to satisfy the more stringent eligibility standard for withholding of deportation).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Furthermore, the BIA did not abuse its discretion by declining to consider Assaad's untimely motion to reopen to seek relief under the Convention Against Torture ("CAT"). *See* 8 C.F.R. § 208.18(b)(2) (motion to reopen to seek CAT relief by alien subject to deportation order which became final before March 22, 1999 must be filed by June 21, 1999); *accord Azanor v. Ashcroft*, 364 F.3d 1013, 1017–18 (9th Cir.2004) (noting that alien's motion to reopen to seek CAT relief was timely filed in June 1999).

Assaad's remaining contentions lack merit.

PETITION FOR REVIEW DENIED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.